IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHAYLA OWENS,
        Plaintiff

v.

PHARMASOURCE, INC.
        Defendant

: No. 3:24cv815
:
: (Judge Munley)
:
:
:
:
:

## MEMORANDUM

Plaintiff Shayla Owens asserts claims against her former employer, Pharmasource, Inc. ("Pharmasouce"), for disability discrimination under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA") and the Pennsylvania Human Relations Act, 73 PA. STAT. §§ 951, *et seq.* ("PHRA"). She also asserts that Pharmasource violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA").

Before the court is Pharmasource's motion to dismiss the plaintiff's FMLA claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Having been fully briefed, this motion is ripe for disposition.

**Background**

Pharmasource hired Owens to work as a pharmaceutical sales representative beginning on September 27, 2021.[1] (Doc. 1, Compl. ¶ 13). Owens suffers from chronic pain and flare-ups related to a diagnosis of diffuse abdominal pain. Id. ¶ 12. Owens alleges that her medical condition is a disability and that she periodically suffers from intense pain, nausea, and vomiting, which impedes her ability to perform daily tasks. Id. ¶¶ 12–13.

Shortly after being hired, Owens notified her supervisors of her medical condition and the need for leave to treat and recover from her symptoms. Id. ¶ 16. Plaintiff required days off to treat her condition on several occasions in October and November of 2021. Id. ¶ 17.

Approximately six (6) months into her employment, on March 22, 2022, Owens contacted Pharmasource's human resource manager and inquired about her eligibility for FMLA leave for absences related to her disability. Id. ¶ 19. Months later, because of her medical conditions, Owens missed several days of work. Id. ¶¶ 21, 22. Specifically, plaintiff required days off on June 17, August 4,

---

[1] These brief background facts are derived from plaintiff's complaint and the exhibits attached thereto. At this stage of the proceedings, the court must accept all factual allegations in the amended complaint as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The court makes no determination, however, as to the ultimate veracity of these assertions.

2

August 5, August 8, and August 9, 2022. Id. Plaintiff alleges that she was hospitalized on those dates. Id. ¶ 27.

Owens provided her supervisors with notes from her physician indicating that such absences were related to her medical condition. Id. ¶ 23. On August 8, 2022, during a period where Owens was absent from work and hospitalized, plaintiff's supervisors issued her a "write-up," a form of employee discipline, for excessive absences. Id. ¶¶ 26–27. Although Owens reminded her supervisors of her physician's notes, Pharmasource did not rescind the disciplinary action. Id. ¶¶ 27–28.

Pharmasource then terminated Owens on August 26, 2022, for allegedly exceeding her permitted number of absences. Id. ¶¶ 32, 33. Owens alleges that she would have been entitled to FMLA leave in September 2022, one month after she was fired. Id. ¶ 46. According to Owens, Pharmasource fired her "because she had requested FMLA leave for her [d]isability and/or to prevent her from becoming eligible to take FMLA leave for her [d]isability." Id. ¶ 38.

Based on the above allegations, Owens asserts a claim for FMLA interference in Count I of her complaint. Id. ¶¶ 40–48. In Count II, Owens advances an FMLA retaliation claim, contending that Pharmasource terminated

her because she requested FMLA leave.[2] Id. ¶¶ 49–51. In response to the complaint, Pharmasource filed a motion to dismiss pursuant to Rule 12(b)(6). (Doc. 7). Pharmasource's motion contests the plaintiff's FMLA eligibility and seeks dismissal of her interference and retaliation claims as a matter of law.

**Jurisdiction**

As the case is brought pursuant to the ADA and FMLA, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Standard of Review**

A motion to dismiss challenges whether a complaint states a legally valid claim. Rule 12(b)(6) provides that it is proper for the court to dismiss a

---

[2] In Counts III to V of the complaint, Owens also advances claims against Pharmasource pursuant to the ADA for disability discrimination, failure to accommodate, and retaliation. (Doc. 1, Compl. ¶¶ 51–65). Counts VI-VIII mirror those claims and allege that Pharmasource also violated the PHRA. Id. ¶ 66–79. Pharmasource has not raised any arguments seeking dismissal of the plaintiff's ADA and PHRA claims.

4

complaint, in whole or in part, if the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the non-moving party has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the non-moving party's cause of action. Id. Furthermore, to satisfy federal pleading requirements, the non-moving party must "provide the grounds of [her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips, 515 F.3d at 231 (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544 at 555).

**Analysis**

Pharmasource has filed a motion to dismiss plaintiff's FMLA claims. Congress enacted the FMLA "to balance the demands of the workplace with the needs of families," 29 U.S.C. § 2601(b)(2), while simultaneously recognizing "the

5

legitimate interests of employers," 29 U.S.C. § 2601(b)(3). Additionally, the FMLA aims to "minimize the potential for employment discrimination on the basis of sex by ensuring generally that leave is available for eligible medical reasons and for compelling family reasons, on a gender-neutral basis[.]" 29 U.S.C. § 2601(b)(4). Congress also enacted the FMLA "to promote the goal of equal employment opportunity for women and men[.]" 29 U.S.C. § 2601(b)(5).

Under the FMLA, an eligible employee is entitled to take up to twelve weeks of unpaid leave during any twelve-month period for qualifying reasons. See 29 U.S.C. §§ 2612(a)(1)–2612(c). Upon return from such qualified leave, the FMLA further provides that an eligible employee is entitled to be restored to the position held at the commencement of leave, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. See 29 U.S.C. § 2614(a)(1).

To qualify as an "eligible employee" under the FMLA, an individual must satisfy three criteria: 1) the employee must have been employed by the employer for at least 12 months; 2) must have completed at least 1,250 hours of service during the 12-month period immediately preceding the commencement of leave; and 3) must be employed at a worksite where 50 or more employees are employed within 75 miles. See 29 U.S.C. §§ 2611(2)(A), (2)(B)(ii), 2612; see also Erdman v. Nationwide Insurance Co., 582 F.3d 500, 503 (3d Cir. 2009).

Pharmasource's motion challenges the legal viability of plaintiff's FMLA claims. Defendant argues that Owens was not an "eligible employee" under the FMLA as that term is defined. (Doc. 8, Br. in Supp. at 2, 5). On the other hand, Owens asserts that Pharmasource fired her "because she had requested FMLA leave for her [d]isability and/or to prevent her from becoming eligible to take FMLA leave for her [d]isability." (Doc. 1, Compl. ¶ 38). Based upon these allegations, Owens argues that she can recover on her FMLA interference and retaliation claims under the law. (Doc. 11 at 5–7).

### 1. FMLA Interference Claim

"When employees invoke rights granted under the FMLA, employers may not 'interfere with, restrain, or deny the exercise of or attempt to exercise' these rights." Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 301 (3d Cir. 2012) (quoting 29 U.S.C. § 2615(a)(1)). To succeed on an FMLA interference claim, a plaintiff must establish five (5) elements including that: (1) she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which she was entitled under the FMLA. See Ross v. Gilhuly, 755 F.3d 185, 191–92 (3d Cir. 2014) (citations omitted); Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 252, n. 2 (3d Cir. 2014).

7

Pharmasource argues that Owens was not an "eligible employee" as that term is defined under the FMLA. As indicated above, to meet the definition of "eligible employee," Owens must allege that she was employed "for at least 12 months by the employer with respect to whom leave is requested[.]" 29 U.S.C. § 2611(2)(A)(i). Owens alleges that she began employment with Pharmasource on September 27, 2021, and that the defendant terminated her on August 26, 2022, approximately one month shy of the 12-month period. (Doc. 1, Compl. ¶¶ 13, 32). By the plain text of the statute, Owens does not qualify as an FMLA "eligible employee" because she was not employed by Pharmasource for at least 12 months.

Nonetheless, the issue before the court is whether the FMLA extends protection to an employee who, though not eligible at the time of the leave request, seeks leave scheduled to begin upon attaining eligibility under the law. According to the plaintiff's allegations, she inquired into FMLA leave in March 2022 and was advised by Pharmasource's human resource manager that she was not eligible. Id. ¶¶ 18–19. Plaintiff's brief in opposition advances that this inquiry amounts to notice of her intent to take FMLA leave once she became eligible. (Doc. 11 at 5). Owens thus argues that, by terminating her, Pharmasource interfered with her FMLA rights under the law.

After review of the parties' positions, Owens might have a more compelling argument if this case involved different factual allegations. In Erdman, for example, the Third Circuit Court of Appeals noted that "it would be patently absurd if an employer who wished to punish an employee for taking FMLA leave could avoid liability simply by firing the employee before the leave begins." 582 F.3d at 508. Thus, "firing an employee for a valid request for FMLA leave may constitute interference with the employee's FMLA rights." Id. at 509.

Along those same lines, the FMLA contains notice provisions regarding "foreseeable leave." 29 U.S.C. § 2612(e). For example, "[i]n any case in which the necessity for leave…is foreseeable based on an expected birth or placement, the employee shall provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave[.]" 29 U.S.C. § 2612(e)(1). Where "the birth or placement requires leave to begin in less than 30 days, the employee shall provide such notice as is practicable." Id.

In the case cited by Owens in her opposition brief, Pereda v. Brookdale Senior Living Communities, Inc., the Eleventh Circuit Court of Appeals held that "because the FMLA requires notice in advance of future leave, employees are protected from interference prior to the occurrence of a triggering event, such as the birth of a child." 666 F.3d 1269, 1274 (11th Cir. 2012). Accordingly, Pereda determined that "because the statute contemplates notice of leave in advance of

9

becoming eligible, i.e., giving birth to a child, the FMLA regulatory scheme must necessarily protect pre-eligible employees..., who put their employers on notice of a post-eligibility leave request." Id. at 1275.

Plaintiff's case does not involve a pre-eligibility request for post-eligibility maternity leave. Nonetheless, there are other notice provisions in the FMLA worth considering here. The FMLA entitles eligible employees to take a total of 12 workweeks of leave during any 12-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). "In any case in which the necessity for leave under [29 U.S.C. § 2612(a)(1)(D)] is foreseeable based on planned medical treatment, the employee" shall, among other things, "provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave..., except that if the date of the treatment requires leave to begin in less than 30 days, the employee shall provide such notice as is practicable." 29 U.S.C. § 2612(e)(2)(B).

Based on the rationale in Pereda, the above notice provision could be relied upon by an employee who is fired after she provides pre-eligibility notice to her employer that she intends to receive medical treatment and take FMLA leave once she becomes eligible. See e.g. Sine v. Rockhill Mennonite Home, 275 F. Supp. 3d 538, 542 (E.D. Pa. 2017) (citing Pereda, 666 F.3d at 1275); O'Brien v.

10

Lehigh Valley Health Network, Inc., No. 5:18-CV-03119, 2019 WL 2642000, at *3 (E.D. Pa. June 27, 2019) (citing Beffert v. Pennsylvania Dep't of Pub. Welfare, No. CIV.A.05-43, 2005 WL 906362, at *3 (E.D. Pa. Apr. 18, 2005)). That fact pattern, however, does not appear in plaintiff's complaint. Rather, Owens only alleges that she inquired about eligibility for FMLA leave in March 2022, not that she gave her employer notice of her plans to obtain medical treatment after she became eligible for FMLA leave six months later, in September 2022. (Doc. 1, Compl. ¶ 19–20). Thus, Owens cannot prove that she was an "eligible employee" as the FMLA defines that term or that she was otherwise entitled to benefits under the statute. Consequently, plaintiff's complaint fails to state an FMLA interference claim. Pharmasource's motion to dismiss Count I will be granted.

### 2. FMLA Retaliation Claim

Pharmasource also moves to dismiss the plaintiff's claim for FMLA retaliation in Count II. FMLA retaliation claims are rooted in regulations promulgated by the United States Department of Labor. See Egan v. Delaware River Port Auth., 851 F.3d 263, 269 (3d Cir. 2017) (citation omitted); see also Budhun, 765 F.3d at 256 (citing Erdman, 582 F.3d at 508). Specifically, these regulations prohibit employers "from discriminating or retaliating against an employee…for having exercised or attempted to exercise FMLA rights." 29

11

C.F.R. § 825.220(c). To succeed on an FMLA retaliation claim, a plaintiff must establish that: 1) she invoked her right to FMLA-qualifying leave, i.e., engaged in protected activity; 2) she suffered an adverse employment decision; and 3) the adverse action was causally related to her invocation of rights. See Canada v. Samuel Grossi & Sons, Inc., 49 F.4th 340, 346 (3d Cir. 2022); Budhun, 765 F.3d at 256 (citing Lichtenstein, 691 F.3d at 302; Ross, 755 F.3d at 192–93).

As for demonstration of the first element, protected activity, a plaintiff must invoke her right to FMLA-qualifying leave. Lichtenstein, 691 F.3d at 302 (citing Erdman, 582 F.3d at 508–09). In Erdman, the court held that an employer's termination of an employee in retaliation "for a *valid* request for FMLA leave" may also constitute actionable retaliation in violation of the statute, even if the leave had not yet commenced. 582 F.3d at 509 (emphasis added).

Owens, however, has not alleged that she provided notice to Pharmasource regarding her intent to take FMLA leave for planned medical treatment once she became eligible. Owens thus has not alleged that she invoked her right to FMLA-qualifying leave or made a "valid" request for FMLA leave. See Lichtenstein, 691 F.3d at 302; Erdman, 582 F.3d at 508–09.

Consequently, the complaint fails to state a *prima facie* FMLA retaliation claim.[3] Pharmasource's motion to dismiss Count II will be granted.

### 3. Leave to Amend

Although Owens has not requested leave to amend her FMLA claims, there is a *sua sponte* amendment rule in civil rights cases whereby district courts must offer amendment irrespective of whether it is requested.[4] Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Thus, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236 (citation omitted).

Although Owens alleges that Pharmasource terminated her before she was an "eligible employee" under the FMLA, Owens may possess certain facts about "foreseeable notice" which could bring this matter within the line of cases that have extended FMLA liability to an employer who terminates an employee in the pre-eligibility period after she provides notice of her intention to take leave in the

---

[3] In the alternative, Pharmasource argues that Owens has not plausibly alleged causation between protected activity and adverse action, i.e., the third element of an FMLA retaliation claim. (Doc. 8, Def. Br. in Supp. at 2, 6–8). The court need not reach this argument.

[4] The FMLA protects the right to be free from gender-based discrimination in the workplace. Nevada Dep't of Hum. Res. v. Hibbs, 538 U.S. 721, 728 (2003) (footnote omitted). Accordingly, the United States Supreme Court has determined that, in enacting the FMLA, Congress acted within its authority under the enforcement provision of the Fourteenth Amendment in addressing persistent unconstitutional gender discrimination. Id. at 730–39.

post-eligibility period for reasons listed in 29 U.S.C. § 2612(a)(1). The best course of action is to provide Owens a choice to either file an amended complaint with additional factual allegations regarding her FMLA interference and retaliation claims or stand on her original complaint and proceed only on her ADA/PHRA claims. Owens will be provided twenty (20) days to file an amended complaint. If Owens fails to file an amended complaint, however, her FMLA claims will be dismissed with prejudice without further order of court.

## Conclusion

For the reasons set forth above, Pharmasource's motion to dismiss will be granted. Plaintiff's FMLA claims in Count I and II of the complaint will be dismissed. Plaintiff will be provided leave to file an amended complaint within the next twenty (20) days. In the absence of an amended complaint, the plaintiff's FMLA claims will be dismissed with prejudice. An appropriate order follows.

Date: 8/5/25

JUDGE JULIA K. MUNLEY
United States District Court